# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, as Subrogee of Frayda Bidnick and Yehuda Bidnick<br>One Federal Street<br>Boston, MA 02110,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WYZE LABS, INC.<br>5808 Lake Washington Blvd. NE, Suite 301<br>Kirkland, WA 98033,<br><br>　　　　　Defendant. | Civil Action No.: 3:24-cv-05394<br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Homesite Insurance Company of the Midwest, as Subrogee of Frayda Bidnick and Yehuda Bidnick, by and through its undersigned counsel, Cozen O'Connor, hereby files this Complaint against Defendant Wyze Labs, Inc., and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Homesite Insurance of the Midwest (hereinafter "Homesite"), is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at One Federal Street, Boston, Massachusetts 02110, and at all times materially hereto was authorized to issue policies of insurance in the State of New Jersey.

2. Defendant, Wyze Labs, Inc. (hereinafter "Wyze"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5808 Lake Washington Blvd., NE, Suite 301, Kirkland, WA 98033.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000).

4. Venue in this action lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 as the events giving rise to this action occurred in this district.

## FACTS

5. At all times material hereto, Plaintiff Homesite provided insurance coverage to Frayda Bidnick and Yehuda Bidnick (hereinafter "Bidnick"), with respect to the real and personal property owned by Bidnick and located at 185 Ashdown Forest Lane, Toms River, NJ 08755 (hereinafter "the subject property").

6. Prior to November 20, 2021, Bidnick purchased a robotic vacuum cleaner, model no. WVCR200S, (hereinafter "the subject robotic vacuum cleaner" and/or "the subject vacuum cleaner").

7. The subject robotic vacuum cleaner was manufactured, branded, distributed and/or sold by Defendant Wyze.

8. The subject robotic vacuum cleaner contained a lithium-ion 18650 battery pack.

9. On or about November 20, 2021, the subject robotic vacuum cleaner was in use in the front foyer of the subject property.

10. While in use in the front foyer of the subject property, the subject vacuum became jammed.

11. Rather than shutting down benignly after jamming, the subject vacuum failed and caused a fire.

12. The fire originated in the subject robotic vacuum cleaner.

13. The fire was caused by a defect in the subject robotic vacuum cleaner.

14. The fire caused substantial damage and destruction to Plaintiff Homesite's subrogors' real and personal property and caused additional damages by way of additional living and extra expenses.

15. Pursuant to the terms and conditions of its policy of insurance, Plaintiff Homesite has made payments to Bidnick in the amount of $691,305.12.

16. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff Homesite is subrogated to the rights of its insureds Bidnick against all parties responsible for the occurrence of said damages.

## COUNT I – STRICT PRODUCTS LIABILITY

17. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth at length herein.

18. Defendant Wyze designed, manufactured, distributed and/or sold the subject robotic vacuum, which was intended by the defendant to be used by members of the general public, including persons such as Plaintiff Homesite's subrogors Bidnick.

19. The subject robotic vacuum was unreasonably dangerous and unsafe for its intended purpose by reasons of defects in its design and/or its manufacture and/or a lack of adequate warnings which existed when Defendant Wyze placed the subject vacuum into the stream of commerce.

20. The fire was caused by the defectively designed and/or defectively manufactured subject robotic vacuum.

21. Defendant Wyze designed, manufactured, distributed, supplied, and/or sold the subject vacuum in a defective and unreasonably dangerous condition for which it is strictly liable pursuant to the Restatement (Second) of Torts § 402A and the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 et. seq.

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant Wyze for such compensatory damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, the costs of this suit and attorney fees.

Respectfully submitted,

COZEN O'CONNOR, a Pennsylvania Professional Corporation

BY: _____
Steven K. Gerber, Esquire
1010 Kings Highway South
Cherry Hill, NJ 08034
Tel: 856-910-5000
Cell: 610-613-4861
Email: sgerber@cozen.com

*Attorneys for Plaintiff, Homesite Insurance Company of the Midwest, as Subrogee of Frayda Bidnick and Yehuda Bidnick*